# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAMES MCHUGH,<br>　　　Plaintiff, | Case No. 1:23-cv-366 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| SECRETARY OF VETERANS<br>AFFAIRS,<br>　　　Defendant. | **REPORT AND RECOMMENDATION** |

　　　This case was transferred to the Southern District of Ohio from the United States Court of Appeals for the Federal Circuit. (Doc. 1). Plaintiff James McHugh filed a "notice of appeal" in the Federal Circuit from an October 13, 2022 final agency decision of the Department of Veterans Affairs Office of Employment Discrimination Complaint Adjudication. (*Id*.). The Federal Circuit determined that it lacked jurisdiction over Mr. McHugh's appeal and, in the interest of justice, transferred the matter to the Southern District of Ohio. (*Id*.).

　　　On June 23, 2023, the Court ordered Mr. McHugh to submit a complaint setting forth the facts of his claims and the relief he is seeking if he wished to file a civil action in this Court. (Doc. 3). Mr. McHugh was further ordered to submit completed summons forms, U.S. Marshal forms, and copies of his complaint for service on the General Counsel of the United States Department of Veterans Affairs, the United States Attorney for the Southern District of Ohio, and the United States Attorney General. (*Id.*).

　　　On July 27, 2023, the Federal Circuit granted Mr. McHugh's motion to refund the filing fee. (Doc. 6).

　　　On July 28, 2023, this Court ordered Mr. McHugh pay the full filing fee of $402.00 or submit an application and affidavit to proceed *in forma pauperis* within thirty (30) days, warning him that the complaint shall not be deemed as "filed" in this action until the appropriate filing fee

is paid or he is granted leave to proceed *in forma pauperis*. (Doc. 7, citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Mr. McHugh was advised that if he failed to pay the filing fee or to submit an application to proceed *in forma pauperis* within this time limit, the complaint may be dismissed. (*Id*.). The Court also reiterated the requirements for Mr. McHugh to file a complaint to institute a civil action in this Court and to submit completed summons forms, U.S. Marshal forms, and copies of his complaint for service on the General Counsel of the United States Department of Veterans Affairs, the United States Attorney for the Southern District of Ohio, and the United States Attorney General as set forth in the June 23, 2023 Deficiency Order. (*Id*.). Mr. McHugh was again advised that if he failed to comply with the Order, the Court may dismiss his case.

To date, more than thirty days later, Mr. McHugh has failed to comply with the Court's Orders. Accordingly, this matter should be dismissed without prejudice and terminated on the docket of this Court.

**IT IS SO RECOMMENDED.**

Date: 10/30/2023

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES MCHUGH,
    Plaintiff,

vs.

SECRETARY OF VETERANS
AFFAIRS,
    Defendant.

Case No. 1:23-cv-366

Barrett, J.
Litkovitz, M.J.

NOTICE TO THE PARTIES
REGARDING THE FILING OF OBJECTIONS TO R&R

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).

3